**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,    :
*ex rel.*    :
    :
ANTHONY HEAD,    :
    :
       Plaintiff,    :
    :
       v.    :    **Civil Action No. 05-317 (GK)**
    :
THE KANE COMPANY, *et al.*,    :
    :
       Defendants.    :

**<u>MEMORANDUM OPINION</u>**

Relator has filed a Motion to Dismiss Defendants' First Amended Counterclaims.  Upon consideration of the Motion and Defendants' Opposition,[1] the Court concludes that the Motion is **denied** for the following reasons.

On July 24, 2009, Defendants filed their Answer to Plaintiffs' Complaint and included 12 counterclaims against Relator.  On November 12, 2009, the Court dismissed three of the 12 counterclaims and granted Defendants leave to amend the remaining nine counterclaims. [Dkt. #66] On December 11, 2009, Defendants filed their First Amended Answer and Counterclaims. Defendants chose to file only two counterclaims, which are the subject of the pending Motion, rather than amendments to all of the original nine counterclaims that were dismissed.  The two amended counterclaims are for breach of contract for disparagement and injunctive relief related to that alleged breach of contract.

---

[1]    No Reply was filed.

First, Plaintiff argues that Defendants have failed to properly plead the two remaining counterclaims, in that they have failed to indicate the "third parties" to which the Relator is alleged to have made disparaging remarks about Defendant Kane Company.  Second, Plaintiff argues that Defendants have failed to allege with sufficient specificity facts to support the basic elements of a cause of action, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff is wrong on both counts.  First, it relies upon only one case, and that case is totally inapplicable to the facts of this case.  The case upon which Plaintiff relies is <u>National Bd. for Certification in Occupational Therapy, Inc. v. American Occupational Therapy Assoc.</u>, 24 F. Supp. 2d 494 (D. Md. 1998), which was a trademark dispute in which plaintiff alleged that defendant had violated numerous provisions of the Sherman Act, the federal Trademark Dilution Act, and a claim for injurious falsehood under Maryland law.  The court in footnote 27, at p. 511, defined the <u>tort</u> of injurious falsehood or disparagement as "the publication of matter derogatory to the plaintiff's title to his property, or to its quality, or to his business in general, or even to some element of his personal affairs, of a kind calculated to prevent others from dealing with him, or otherwise to interfere with others to his disadvantage" (citations omitted).  Not only does this definition fail to explicitly require that the alleged statements be made to "third parties," but far more importantly, the definition relies on Maryland tort law.  In their counterclaims, Defendants are not alleging commission of a tort.  Rather, they are clearly asserting a breach of contract under paragraph 4 of the Separation Agreement entered into by the parties on February 25, 2005.[2]  In sum,

---

[2]     Contrary to the assertions of Plaintiff, the Court's November 11, 2009 Order never specifically ordered Defendants to identify any "third party" which might be referred to in amended counterclaims.  In its November 11, 2009 Opinion, the Court focused on the issue of "third parties" because that is the term Defendants used in their original counterclaims.  They did not use the term

(continued...)

Occupational Therapy offers no support for Plaintiff's claim that Defendants have failed to allege

the elements of a breach of contract action. In addition, it should be noted that paragraph 4 of the

Separation Agreement does not limit a breach to include only disparaging or critical statements made

to "third parties."[3]

For these reasons, the Motion to Dismiss Defendants' First Amended Counterclaims is

**denied**.[4]

June 27, 2011                                      /s/_____
                                                          Gladys Kessler
                                                          United States District Judge


**Copies via ECF to all counsel of record**

---

[2](...continued)
in their First Amended Counterclaims.

[3]      Paragraph 4 states that the parties agreed not to make "any oral or written statement or take any other action which disparages or criticizes [Kane]. Specifically, [Mr. Head] agrees that [he] will not make any oral or written statement or take any other action which disparages or criticizes the administration, employees, management, officers or directors of the Company."

[4]      In the Relator's Motion to Dismiss Defendants' Counterclaims, he drops a footnote which purports to incorporate "all previous arguments made in his prior pleadings to dismiss the counterclaims." The Court's Scheduling Order, at paragraph 7, specifically precludes this type of incorporation. All arguments made relating to a pending motion are to be included in the memorandum of law supporting that motion, so that the Court does not have to rummage around in prior pleadings to figure out what arguments parties are relying on.